UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DASHANTE SCOTT JONES, :  Plaintiff, : | : : | CASE NO. 3:15-cv-613 (VAB) |
| v. : | : | |
| SCARLETT FORBES, et al., :  Defendants. : | : : | MAY 13, 2015 |

**ORDER TO FILE AMENDED COMPLAINT**

Plaintiff, Dashante Scott Jones, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The complaint was received by the Court on April 22, 2015, and Mr. Jones' motion to proceed *in forma pauperis* was granted on April 30, 2015. The defendants are Scarlett Forbes, Dr. Mark Frayne, Lieutenant Waldron, Captain Williams, Officer Snyder, Officer Colby, Officer Murphy, Officer Quigley, Officer Sweet, Officer Jusseame, Officer Glover, Officer Witkowski, Officer Burnham, Clinical Social Worker Barett, Nurse Barnes, Nurse Bogue, Dr. Wright, and Dr. Gerald Goyne.

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed

allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mr. Jones' complaint does not comply with Rule 20's requirements governing party joinder. Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: (A) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). As the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma,* 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); *see also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed.).

considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

In the complaint, Mr. Jones includes allegations regarding incidents at three correctional facilities, Cheshire Correctional Institution, Corrigan-Radgowski Correctional Center, and Northern Correctional Institution. Mr. Jones alleges that he was sexually assaulted at Corrigan-Radgowski Correctional Center by unnamed persons, that defendant Lieutenant Waldron instructed him to decontaminate his eyes in the shower while his hands were chained to his waist, and that medical staff at Corrigan-Radgowski Correctional Center failed to send him to an outside hospital following the sexual assault. Mr. Jones alleges that he was subject to retaliation while confined at Northern Correctional Institution because he filed a Connecticut Commission on Human Rights and Opportunities ("CHRO") complaint against mental health staff there. Specifically, defendant Dr. Frayne had him confined without clothing on Behavior Observation Status, defendant Dr. Goyne discontinued his mental health medications, and defendant Forbes neglected him for seven months. Mr. Jones alleges that defendant Dr. Wright failed to provide proper treatment for a testicular condition. He does not indicate the correctional facility where this occurred. Mr. Jones does note a few names on attached copies of legal research suggesting that defendant Snyder was involved in the use of excessive force and defendant Waldron was involved with the use of a chemical agent at Corrigan-Radgowski Correctional Center. The Court cannot discern whether these references are different incidents or aspects of one incident. Mr. Jones does not reference any of the other fourteen defendants in his complaint. He does, however, include allegations relating to unnamed correctional staff at Cheshire Correctional Institution.

The retaliation claim, the excessive force claim, and the denial of medical treatment

claims do not appear to "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences." Fed. R. Civ. P. 20(a)(2). Thus, Mr. Jones' complaint fails to comply with Rule 20.[2] Nor do the allegations regarding incidents at Cheshire Correctional Institution appear connected to the other claims referenced in the complaint or to any named defendant.

Further, Rule 8(a)(2), Fed. R. Civ. P., requires that the complaint include "a short and plain statement of the claims showing that the pleader is entitled to relief." Mr. Jones' complaint is not overly long as most of the 66 pages are exhibits. It is not, however, a plain statement of his claim. Mr. Jones does not clearly identify his claims or indicate how each defendant is involved in the claims. In fact, he fails to reference the majority of the defendants in the complaint. Nor does he clearly describe the incidents underlying each claim or state when and where the incidents occurred. Thus, the complaint fails to comply with Rule 8(a).

Because the Second Circuit has expressed a preference for adjudicating cases on their merits, it will generally find failure to grant leave to amend an abuse of discretion where the sole ground for dismissal is that the complaint does not constitute a short and concise statement or comply with rules governing joinder. *See*, *e.g.*, *Salahuddin,* 861 F.2d at 42.

---

[2] The court notes that Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoners' complaints pursuant to 28 U.S.C. § 1915A. As two commentators have noted:

> In the past, courts did not always pay much attention to this rule. However, nowadays they are concerned that prisoners will try to avoid the filing fee and 'three strikes' provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate 'strikes' if dismissed on certain grounds.

John Boston & Daniel E. Manville, *Prisoners' Self-Help Litigation Manual* 348 (4th ed. 2010) (collecting cases). Indeed, if the Court reviewed the plaintiff's complaint striking redundant or

Accordingly, Mr. Jones is hereby directed to file an amended complaint that complies with Rules 8 and 20 of the Federal Rules of Civil Procedure. The amended complaint should include only one of the claims and is due within **thirty (30) days** from the date of this order. Mr. Jones may pursue the other claims in separate actions.

The Clerk will send Mr. Jones an amended complaint form with this order. Mr. Jones is cautioned that his amended complaint must comply with the instructions on the form, specifically the instructions concerning the requirements for a valid complaint. Mr. Jones shall clearly and concisely state his claim and explain how each defendant is involved in the claim. If the amended complaint fails to comply with those instructions, the action will be subject to dismissal with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of May, 2015.

    /s/ Victor Allen Bolden
Victor A. Bolden
United States District Judge

---

immaterial allegations, as opposed to dismissing the complaint in its entirety, the plaintiff would circumvent the PLRA's "three strikes" rule and filing fee requirements.