## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DASHANTE SCOTT JONES, | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-613 (VAB) |
| | : | |
| v. | : | |
| | : | |
| SCARLETT FORBES, et al., | : | |
| Defendants. | : | NOVEMBER 5, 2015 |

### RULING ON MOTION FOR RECONSIDERATION

On May 13, 2015, the Court denied Mr. Jones' motion for appointment of *pro bono* counsel in this action. In the ruling, the Court noted that Mr. Jones had not indicated that he sought legal assistance from Inmates' Legal Assistance Program. Thus, the Court concluded that it was unable to determine whether Mr. Jones could obtain legal assistance on his own and denied the motion without prejudice. *See* Doc. No. 9. Mr. Jones now seeks reconsideration of that ruling. He attached a June 2015 letter from an attorney at Inmate's Legal Assistance Program stating that the program provides legal assistance but not representation. Thus, Mr. Jones argues that the Court's ruling was erroneous. The motion for reconsideration must be denied for two reasons.

First, the motion is untimely filed. Motions for reconsideration must be filed within fourteen days from the date of the decision for which reconsideration is sought. D. Conn. L. Civ. R. 7(c)1. The Court's order was filed on May 13, 2015. Thus, any motion for reconsideration should have been filed no later than May 27, 2015. Mr. Jones filed his motion on June 24, 2015, nearly one month too late.

In addition, even if the motion were timely, it should be denied. The standard governing a motion for reconsideration is strict. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d

Cir. 1995).  Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Id. See also Rand-Whitney Containerboard Ltd. Partnership v. Town of Montville*, No. 3:96-cv-413, 2005 WL 2416094, at *1, 2005 U.S. Dist. LEXIS 22799, at *4 (D. Conn. Sept. 29, 2005) ("Generally, the three grounds justifying reconsideration are 1) an intervening change of controlling law; 2) the availability of new evidence; or 3) the need or correct a clear error or prevent manifest injustice.").  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Schrader*, 70 F.3d at 257.

There is no constitutional right to court-appointed counsel in a civil case.  *See*, *e.g.*, *Rivas v. Suffolk County*, Nos. 04-4813-pr & 04-5198-pr, 2008 WL 45406, at *1, 2008 U.S. App. LEXIS 72, at *3 (2d Cir. Jan. 3, 2008) (noting that civil litigants have no constitutional right to counsel).  Thus, Mr. Jones has no right to have counsel appointed to represent him.  He does, however, have a constitutionally protected right of access to the courts.  This right is satisfied if he is provided assistance of persons trained in the law.  *See Lewis v. Casey*, 518 U.S. 343, 346 (1996) (constitutional right of access to the courts requires only that prisoner receive assistance in preparation and filing of meaningful legal papers).  The Department of Correction has afforded inmates access to legally trained persons through their contract first with Inmates' Legal Assistance Program, and now with the Inmate Legal Aid Program run by the law firm Bansley | Anthony.

The Court denied the motion for appointment of counsel because Mr. Jones had not demonstrated that he sought the assistance available from the legal assistance program and failed

to show that the available assistance was not sufficient at the current stage of litigation.  Mr.

Jones has not identified any controlling law or facts overlooked by the Court.

Mr. Jones' motion for reconsideration [**Doc. No. 12**] is **DENIED**.


**SO ORDERED** this 5th day of November, 2015, at Bridgeport, Connecticut.


  /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

3