### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
|  | : |  |
| DASHANTE SCOTT JONES, | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | CASE NO. 3:15-cv-613 (VAB) |
|  | : |  |
| SCARLETT FORBES, et al., | : |  |
| Defendants. | : |  |
|  | : |  |

### INITIAL REVIEW ORDER RE AMENDED COMPLAINT

Plaintiff, Dashante Scott Jones, currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983.  On May 13, 2015, the Court ordered Mr. Jones to file an amended complaint in this case asserting only one of the three distinct claims asserted in the original complaint.  The Court also ordered Mr. Jones to allege facts showing how each defendant was involved in his claim.  *See* Doc. No. 8.  Mr. Jones filed his amended complaint on June 15, 2015.  Mr. Jones also has filed two motions seeking to amend the amended complaint.  After careful review of the amended complaint and both motions to amend, the Court concludes that this case will proceed only on the claims for use of excessive force, failure to protect Mr. Jones from harm, deliberate indifference to his safety, supervisory liability and conspiracy arising from the May 22, 2014 incident at Corrigan-Radgowski Correctional Center.  The other claims referenced in the amended complaint are dismissed without prejudice to being asserted in a separate action.  Both motions to amend the amended complaint are denied.

I.      Standard of Review

Under section 1915A of title 28 of the United States Code, the Court must review

prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

defendant who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the Court must

assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments

[they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed

allegations are not required, the complaint must include sufficient facts to afford the defendants

fair notice of the claims and the grounds upon which they are based and to demonstrate a right to

relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not

sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts

to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "'A document

filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v.

KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94

(2007)).

II.     Allegations in the Amended Complaint

The original complaint named eighteen defendants.  The amended complaint includes

twenty-three defendants, the eighteen named in the original complaint, Scarlett Forbes, Dr. Mark

Frayne, Lieutenant Waldron, Captain Williams, Officer Snyder, Officer Colby, Officer Murphy,

Officer Quigley, Officer Sweet, Officer Jusseame, Officer Glover, Officer Witkowski, Officer

Burnham, Clinical Social Worker Barett, Nurse Barnes, Nurse Bogue, Dr. Wright, and Dr.

2

Gerald Goyne, as well as John Doe, Warden Scott Erfe, Warden Anne Cornoyer, Debbie Ward and Patrick Ward. Defendants Forbes, Frayne, Wright, Goyne, Cornoyer, and both Wards work at Northern Correctional Institution. The remaining defendants work at the Corrigan-Radgowski Correctional Center.

In the order directing Mr. Jones to amend his complaint, the Court determined that Mr. Jones' claims arising at Corrigan-Radgowski Correctional Center and Northern Correctional Institution were distinct and should not be pursued in one action. Mr. Jones ignores the instruction to include only one distinct set of claims in his amended complaint and includes allegations attempting to clarify both sets of claims.

The first set of allegations involve incidents at Corrigan-Radgowski Correctional Center. Mr. Jones alleges that he was sexually assaulted on May 22, 2014, by defendant John Doe and that defendants Snyder and Colby used excessive force against him. He further alleges that defendants Murphy, Quigley, Sweet, Jusseame, Glover, Witkowski, Burnham, and Waldron responded to the code but he cannot identify specific actions taken by these defendants because his vision was obscured by the use of pepper spray. None of the defendants allegedly interceded on his behalf. Mr. Jones also asserts claims for supervisory liability against defendants Waldron, Williams and Erfe and conspiracy claims against all of these defendants. Immediately following the incident, defendants Waldron, Barnes and Bogue allegedly failed to ensure that his eyes were properly flushed and defendants Barrett, Barnes and Bogue allegedly failed to follow proper procedures for incidents of sexual assault. Mr. Jones also asserts claims for supervisory liability against defendants Waldron, Williams and Erfe for failure to train their subordinates, ensure they followed proper procedures and take corrective action despite having seen the video recordings

3

of the incident.

Mr. Jones was transferred to Northern Correctional Institution the following day. The remaining allegations concern events at Northern Correctional Institution. Defendant Forbes allegedly refused to meet privately with Mr. Jones to discuss his mental health issues for seven months. Defendants Forbes and both Wards allegedly violated his right to medical privacy by speaking about his alleged sexual assault on the tier and requiring him to speak with them through the cell door. Dr. Frayne saw Mr. Jones on the day he arrived at Northern Correctional Institution but allegedly refused to see him thereafter. Dr. Goyne allegedly refused to provide treatment after telling Mr. Jones that he disliked inmates who assaulted correctional staff. Dr. Wright allegedly refused all treatment for his complaints of testicular pain.

In addition to these claims for deliberate indifference to medical and mental health needs, Mr. Jones alleges that Drs. Frayne and Goyne retaliated against him for filing complaints and CHRO actions against them. Warden Cornoyer allegedly refused to report the incident to police and refused to correct his retaliatory placement on Behavior Observation Status.

## III.   Discussion

As the Court explained in the prior order, Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: (A) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). As the Second Circuit has observed in the Rule 13

4

context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

The claims asserted against the defendants at Northern Correctional Institution follow from the alleged sexual assault and incident at Corrigan-Radgowski Correctional Institution, but are unrelated to them. These claims involve deliberate indifference to medical and mental health needs and retaliation. They involve different defendants and share no common legal or factual questions. Thus, the two sets of claims should be considered in separate actions. Mr. Jones concedes in his amended complaint that, if the Court were to determine that the claims should be separated, he does not object. *See* Doc. No. 11 at 22. Accordingly, all claims occurring at Northern Correctional Institution, i.e., the claims against defendants Forbes, Frayne, Cornoyer, Wright, Goyne, and both Wards, are dismissed without prejudice to being asserted in a separate action.

The claims against the remaining defendants for use of excessive force, failure to protect Mr. Jones from harm, deliberate indifference to his safety, supervisory liability, and conspiracy will proceed.

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma,* 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); *see also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed.).

IV.   <u>Motions to Amend</u>

Mr. Jones also has filed two motions to amend the amended complaint.

The first motion is denied for several reasons.  First, Mr. Jones has not attached a proposed second amended complaint to his motion that would enable the Court to review all claims intended to be asserted.  Second, Mr. Jones seeks to modify his prayer for relief to include improper requests.

For example, he seeks the criminal prosecution of the defendants.  An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted. *See S. v. D.*, 401 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of the public at large nor victim of a crime has a constitutional right to have defendant prosecuted).  In his motion, Mr. Jones asks the Court to arrange for polygraph testing should settlement discussions fail and to order the defendants to pay the cost of the testing.  He states that he will remain in prison for life if he fails the test and contend that, if he passes, the defendants should pay him double damages.  This request is inappropriate.  The Court must rule fairly on this case and cannot enter such arrangements.

Finally, Mr. Jones seeks to assert a claim under the Universal Declaration of Human Rights.  While that document possesses "'moral authority' . . . it does not 'impose obligations as a matter of international law' nor does it provide a basis for Plaintiff's § 1983 claim." *Chinloy v. Seabrook*, No. 14-cv-350, 2014 WL 1343023, at *4 (E.D.N.Y. Apr. 3, 2014) (citations omitted); *see also United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) ("[T]he Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of

action.").  In light of the issues identified above, the first motion to amend is denied.

Mr. Jones has submitted a proposed second amended complaint with his second motion to amend.  In that proposed complaint, he lists the defendants as Deputy Commissioner John or Jane Doe #1, Commissioner John or Jane Doe #2, Department Director of Affirmative Action John or Jane Doe #3, Deputy Warden Madonna, Majors John or Jane Doe #4 and #5, Human Resources Director John or Jane Doe #6, Central Office Captain John or Jane Doe #7, Dr. Fellow of UCONN Health, Officer John Doe #8 of UCONN Hospital, Counselor Landelenni, and Attorney General of the State John or Jane Doe #9.  If the Court were to grant the motion to amend, the only defendants in this case would be the persons named in the proposed second amended complaint, most of whom are listed only as John or Jane Doe.  The claims against all of the defendants previously identified would be considered withdrawn.  As Mr. Jones references his original complaint, that does not appear to be his intent.

In addition, only some of the allegations relate to the claims that are going forward in this case.  For example, the allegations against defendants Landelenni and Attorney General John or Jane Doe #9 support a denial of access to the courts claim based on the withholding of Mr. Jones' legal papers.  That is an unrelated claim and should be pursued in a separate action.

The second motion to amend is denied without prejudice.  If Mr. Jones can identify the John Doe defendants who took actions directly related to his claims for use of excessive force, failure to protect and deliberate indifference to safety claims, he may file a new motion to amend to add those persons to this action.  Any future motion to amend must include a proposed amended complaint that contains all of the claims Mr. Jones intends to pursue in this action.  Thus, he must include the defendants and allegations from the original complaint that relate to

7

the claims for use of excessive force, failure to protect and deliberate indifference to safety arising from the May 22, 2014 incident at Corrigan-Radgowski Correctional Center as well as any new defendants and allegations against them.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims against defendants Forbes, Frayne, Wright, Goyne, Cornoyer, Debbie Ward and Patrick Ward are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1).  Mr. Jones can assert these claims in a separate lawsuit.

(2)     **The Clerk shall** verify the current work address of the remaining defendants, Lieutenant Waldron, Captain Williams, Officer Snyder, Officer Colby, Officer Murphy, Officer Quigley, Officer Sweet, Officer Jusseame, Officer Glover, Officer Witkowski, Officer Burnham, CSW Barett, Nurse Barnes, Nurse Bogue and Warden Scott Erfe, with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet containing the amended complaint to each defendant at the confirmed address within **twenty-one (21) days** from the date of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35th) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the amended complaint on the defendants in their official capacities at the Office of the Attorney

8

General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4)    **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)    The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)    Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests need not be filed with the court.

(7)    All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)    If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new

address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10)    The Court cannot effect service on defendant John Doe without his full name and current work address.  Mr. Jones is directed to file a notice within **thirty (30) days** from the date of this order containing the required information.  Failure to comply with this order may result in the dismissal of all claims against defendant Doe without further notice from the Court.

(11)    Mr. Jones' Motion to Amend his Amended Complaint [**Doc. No. 13**] is **DENIED**.

(12)    Mr. Jones' Motion to Amend his Amended Complaint [**Doc. No. 14**] is **DENIED** without prejudice to refiling under the conditions set forth above.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of November, 2015.


 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

10