UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DASHANTE SCOTT JONES,
    Plaintiff,

v.                                   CASE NO. 3:15-cv-613 (VAB)

SCARLETT FORBES, et al.,
    Defendants.

**RULING ON PENDING MOTIONS**

Plaintiff, Dashante Scott Jones, has filed ten motions seeking various relief. This ruling addresses those motions. The Court notes that, on November 12, 2015, Mr. Jones filed an interlocutory appeal of the denial of his motion for reconsideration. Doc. #26. The motion for reconsideration related to the denial of Mr. Jones' motion for appointment of counsel. As the ruling appealed from is not a final order and this Court has not certified an interlocutory appeal, the notice of appeal does not deprive this Court of jurisdiction to entertain Mr. Jones' motions. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming a notice of appeal from a non-final order as "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980) ("we see no efficiency to be gained by allowing a party arbitrarily to halt the district court proceedings by filing a plainly unauthorized notice which confers on this Court the power to do nothing but dismiss the appeal" and finding retention of jurisdiction in the district court "the preferable view").

I.        Motion to Temporarily Remove Immunity Rights [Doc. #25]

Mr. Jones states that Attorney General John Doe told his counselor not to give Mr. Jones his legal work for this and other cases. Mr. Jones states that this action prevented him from preparing for trial. He characterizes Attorney General Doe's actions as treasonous and asks the Court to remove Attorney General Doe's immunity rights during the pendency of this case. Attorney General Doe is not a defendant in this case.

Mr. Jones cites no authority for his request and research reveals none. Thus, his motion is denied. If Mr. Jones wishes to pursue a claim against Attorney General Doe, he should file a new case identifying Attorney General Doe by name. While litigating that case, Mr. Jones may argue that Attorney General Doe's actions are not protected by any form of immunity.

II.       Motion for Summary Judgment [Doc. #46]

Mr. Jones has filed a motion for summary judgment to which he attached various documents. Rule 56(a)1, D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." The requirement applies to attorneys and *pro se* litigants.

Mr. Jones has not provided the required Local Rule 56(a)1 Statement. Accordingly, his motion for summary judgment is denied without prejudice to refiling in proper form.

III.     Motion to Amend/Correct Amended Complaint [Doc. #47]

Mr. Jones notes that his claims against the first named plaintiff, Scarlett Forbes, have been dismissed. He asks the Court to remove her from the case caption and change the case caption to read *Jones v. Snyder, et al.* Mr. Jones' motion is granted. However, although Officer Snyder is the first named defendant on the original complaint who has not been dismissed, when the parties were entered on the docket the order was slightly different. On the docket, the first listed defendant who has not been dismissed from the case is Lieutenant Waldron. For consistency, the Clerk is directed to change the case name to *Jones v. Waldron, et al.*

IV.     Motion re Lie Detector Testing [Doc. #48]

Mr. Jones asks the Court to order that he and defendants Bogue and Waldron submit to lie detector tests with questions drafted by Mr. Jones at Court expense. Mr. Jones also requests that whoever fails the test be required to reimburse the Court for the cost of the test. Courts considering similar requests have denied them as lacking merit. *See Dixon v. Mohr*, No. 1:12-cv-294, 2012 WL 1902548, at *3, 2012 U.S. Dist. LEXIS 73226, at *8 (S.D. Ohio May 25, 2012) (denying as frivolous plaintiff's motion to have lie detector test administered to himself and all defendants); *Cox v. LeBlanc*, No. 11-0386-BAJ-CN, 2011 WL 7452130, at *3 n.7, 2011 U.S. Dist. LEXIS 153746, at *15 n.7 (M.D. La. Dec. 9, 2011) (rejecting plaintiff's request to take lie detector test to establish truth of allegations because he had no entitlement to that relief). Mr. Jones has provided no authority demonstrating his entitlement to the relief he seeks. Accordingly, his motion is denied.

V.     "Motion to Joint Doctrine and Property Leans" [Doc. #49]

In this motion, Mr. Jones asks the Court to impose property liens and freeze the bank accounts of the defendants to prevent them from withdrawing monies from their accounts to

avoid paying a judgment in this case.  He states that he brings this motion pursuant to Federal Rule of Civil Procedure 18(a).  That rule, however, deals with joinder of claims.  It does not support Mr. Jones' requested relief.

Mr. Jones is seeking a prejudgment remedy, which is governed by Federal Rule of Civil Procedure 64.  That rule permits a plaintiff to utilize state prejudgment remedies to secure a judgment that might ultimately be rendered in a federal action.  *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 (1974).  The procedure for obtaining prejudgment liens is governed by state law.  *See Bahrain Telecommunications Co. v. Discoverytel, Inc.*, 476 F. Supp. 2d 176, 183 (D. Conn. 2007).

Connecticut General Statutes § 52-278a, et seq., govern prejudgment remedies.  Section 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendants of notice and intent to secure a prejudgment remedy.  Section 52-278b emphasized that a party cannot obtain a prejudgment remedy unless he complies with the statutory requirements.  *See Porter v. Yale University Police Dep't*, No. 3:11-cv-526(CFD), 2011 WK 3290212, at *3 (D. Conn. Aug. 1, 2011).  Mr. Jones does not indicate that he has complied with the statutory requirements.  Thus, his motion must be denied.

VI.   Motion for Default [Doc. #52], Motion to Stay Motion for Default [Doc. #53], Motion to Amend Motion for Default [Doc. #55] and Motion for Default Judgment [Doc. #54]

Mr. Jones filed all four motions on the same day.  In the first motion, Mr. Jones asks the Court to enter default against the defendants for failure to timely file their answer.  He also seeks entry of default judgment.  In support of his motion, Mr. Jones states that he contacted the Clerk's Office on January 19, 2016, and was told no answer or motion for extension of time had

been filed.  In the second motion, Mr. Jones asks the Court to stay any entry of default or default judgment.  As support for his request for stay, Mr. Jones again states that he learned on January 19, 2016, that no answer or motion for extension of time had been filed.  Finally, Mr. Jones seeks to amend his motion for entry of default and default judgment to include additional facts.  The motion to amend is granted.  The Court considers below the amended motion for entry of default and default judgment.  The initial motion for default and motion to stay are denied as moot.

Federal Rule of Civil Procedure 55 provides a two-step process to obtain a default judgment.  The first step is to seek entry of default.  Once default has entered, the plaintiff may move for default judgment.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  As this is a two-step process, Mr. Jones cannot seek entry of default and default judgment at the same time.  As default has not yet entered, Mr. Jones' request for default judgment in his motion to amend and the separate motion for default judgment are denied as premature.

Court records show that the defendants' response to the complaint was due on or before January 16, 2016.  Although the defendants appeared on December 22, 2015, they have neither timely filed their response to the complaint nor sought an extension of time within which to do so.  Accordingly, Mr. Jones' request for entry of default is granted.

VII.    Motion to Appoint Power of Attorney [Doc. #56]

Mr. Jones asks that, if he is not represented by an attorney at the end of this case, the Court manage any judgment he may receive in this case on his behalf by deducting from the judgment any court fees and applicable child support payments.  Mr. Jones' request is speculative.  At this time, he has not prevailed in this action and has not been awarded any damages.  Mr. Jones' motion is denied.

In addition, Mr. Jones is asking the Court to act in an advisory capacity with regard to

any judgment he may receive.  The Court cannot act in lieu of counsel.  *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants," and "[r]equiring district courts to advise a *pro se* litigant . . . would undermine district judges' role as impartial decisionmakers.").

VIII.  Conclusion

Mr. Jones' motions to temporarily remove immunity rights [**Doc. #25**], re lie detector testing [**Doc. #48**], seeking a prejudgment remedy [**Doc. #49**] and to appoint power of attorney [**Doc. #56**] are **DENIED**.

Mr. Jones' motion for summary judgment [**Doc. #46**] is **DENIED** without prejudice to refiling in compliance with Local Rule 56.

Mr. Jones' motion to amend his motion for entry of default and default judgment [**Doc. #55**] is **GRANTED**.  The Clerk is directed to enter default against all defendants for failure to plead.  Mr. Jones' request for entry of default judgment included in the amended motion and his motion for default judgment [**Doc. #54**] are **DENIED** as premature.  Mr. Jones' motion for entry of default and default judgment [**Doc. #52**] and motion to stay [**Doc. #53**] are **DENIED** as moot.

Mr. Jones' motion to amend/correct amended complaint [**Doc. #47**] is **GRANTED**.  The Clerk is directed to change the case name to *Jones v. Waldron, et al.*

Finally, the Court notes that Mr. Jones is submitting his motions by regular mail.  All Connecticut correctional facilities are participating in the Prisoner E-filing Program.  Pursuant to the Standing Order of this Court, Mr. Jones is required to submit all documents electronically by following program procedures.  Mr. Jones is directed to submit all future filings in this case electronically.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of February, 2016.

  /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge