UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DASHANTE SCOTT JONES,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | :　　CASE NO. 3:15-cv-613 (VAB)<br>:<br>: |
| WALDRON, et al.,<br>　　　Defendants. | :<br>:<br>: |

**RULING ON PENDING MOTIONS**

Plaintiff, Dashante Scott Jones, presently has thirteen motions pending before the Court. For the reasons that follow, the motions are DENIED.

I.　　Motion for Joint Doctrine [ECF No. 65]

Mr. Jones has filed a second motion asking the Court to impose liens on property and bank accounts of the defendants. In the ruling denying this request before [ECF No. 57], the Court explained the proper procedure to obtain a prejudgment remedy. As Mr. Jones has not complied with those procedures, his present motion is denied.

II.　　Motions for Sanctions [ECF Nos. 69, 81]

Mr. Jones asks the Court to sanction the defendants for moving to set aside default. Mr. Jones considers the defendants' motion disrespectful and assumes that by granting his motion for default, the Court has determined that judgment in Mr. Jones' favor is required. Mr. Jones misunderstands the two-step process required to obtain default judgment.

Mr. Jones filed a motion for entry of default for failure to plead. The Court granted the motion based on a review of the docket which showed that the defendants had not timely filed their answer. Once default enters, the party in default cannot present any evidence or be heard on the merits of the claim. *See Newhouse v. Probert*, 608 F. Supp. 978, 985 (W.D. Mich. 1985).

That party, however, is permitted to file a motion to set aside the default. In fact, the rules specifically permit it. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause."). Thus, the defendants' motion is not disrespectful to the Court.

Rather, it provides the Court with an opportunity to understand all of the relevant facts before entering default judgment, which is a harsh remedy and should be utilized only in extreme situations. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (noting default judgment is the most severe sanction applied by the court). As the defendants were entitled to move to set aside default, sanctions for doing so are not warranted. The motions for sanctions are denied.

III.     Motions Relating to Defendants' Motion to Set Aside Default [ECF Nos. 75, 79, 80]

Mr. Jones has filed a motion seeking relief and a standing order in the form of entry of default judgment for failing to timely file the answer [ECF No. 75], a motion to enforce judgment with a writ of execution and request to deny the defendants' motion to set aside default [ECF No. 79], and a motion for entry of evidentiary rulings again asking the Court to deny the defendants' motion to set aside default [ECF No. 80]. These motions arise from Mr. Jones' dissatisfaction with the defendants' failure to file their answer and respond to his motion for default judgment, pending at the time the motions were filed, in a timely manner.

On May 12, 2016, the Court granted the defendants' motion to set aside the default. The Court determined that Mr. Jones had not established any of the factors required to deny a motion to set aside default and concluded that default judgment, a remedy for extreme situations only, was not warranted. *See* ECF No. 89. As these motions seek denial of the motion to set aside default, they are denied as moot.

IV.     Motions relating to Perjury Claims [ECF Nos. 73, 77]

Mr. Jones has filed two motions seeking to amend the criminal perjury charges he seeks

to assert against the defendants. As the Court explained in the Initial Review Order [ECF No. 23], Mr. Jones cannot seek criminal prosecution of the defendants. *See S. v. D.*, 401 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of the public at large nor victim of a crime has a constitutional right to have defendant prosecuted). As Mr. Jones has no right to have any defendant criminally prosecuted for perjury, his motions are denied.

V.    Motions for Appointment of Counsel [ECF Nos. 76, 78]

Mr. Jones has renewed his request for appointment of counsel. In his first motion, he asks the Court to appoint counsel because "there is a lot of evidence against the defendants." ECF No. 76. The second motion reiterates the first.

In the ruling denying a prior motion for appointment of counsel, the Court explained that, before the Court will consider an appointment, Mr. Jones is required to demonstrate that he cannot obtain legal representation or assistance on his own. *See* ECF No. 20 (citing *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003)). Mr. Jones fails to indicate in these motions that he has made any attempts to obtain legal assistance. Accordingly, his motions are denied.

VI.   Motion for Proof of Probable Cause [ECF No. 82]

One of the reasons cited by the defendants' counsel in his February 29, 2016 motion for extension of time [ECF No. 70] was a recent illness. Mr. Jones seeks proof of that illness. Under Federal Rule of Civil Procedure 11, by signing a motion, counsel certifies that to the best of his knowledge the statements are true. *See Gerke v. Travelers Cas. Ins. Co.*, 289 F.R.D. 316, 322 (D. Or. 2013) ("Under Rule 11, a lawyer who files a document with the court certifies he or she has made a 'reasonable inquiry' that the content of the document is true."); *Aurora Loan*

3

*Servs. LLC v. Sadek*, 809 F. Supp. 2d 235, 239 (S.D.N.Y. 2011) (accepting as true allegations certified and signed by officer of the court subject to Rule 11). Absent any evidence to the contrary, the Court accepts counsel's representation as true and the motion is denied.

VII.  Motion for Reconsideration [ECF No. 83]

In a document entitled "Motion to Appeal and Reverse Judgment by Denying Extension of Time," Mr. Jones asks the Court to reconsider the ruling granting the defendants' motion for extension of time. Rule 7(c)3 of the District of Connecticut Local Civil Rules provides: "Opposing counsel may move within seven (7) days of an order granting a motion for extension of time to have the Court set aside the order for good cause." The Court granted the defendants' motion for extension of time on March 2, 2016. Mr. Jones filed this motion on March 8, 2016. Thus, the Court considers the motion filed under Rule 7(c)3.

Mr. Jones is dissatisfied with the prior decision. He includes a discussion of the rules for calculating deadlines. The previous deadline for the defendants to respond to the motion was February 29, 2016. On that date, they moved for an extension of time. Thus, the motion was timely filed.[1]

Mr. Jones also disbelieves counsel's reasons for seeking an extension, but as discussed *supra* Section VI, he identifies no evidentiary basis for this disbelief. In fact, the focus of Mr. Jones' prior motions was to facilitate his discharge from custody. Mr. Jones concedes that he was seen by mental health staff and a discharge planner.

---

[1] The Court notes, however, that this timing does not comport with the undersigned's individual practices, which provide that, "absent extraordinary or supervening circumstances, any motion for extension of time be filed at least seven (7) calendar days in advance of the date when an action is otherwise required." *See* http://www.ctd.uscourts.gov/content/victor-bolden. The Court, properly exercising its discretion, granted the extension of time because, in this instance, this failure alone did not constitute good cause for denying a motion for extension of time.

4

Mr. Jones further faults counsel for including the wrong case caption on his motion, and disputes other justifications given by the defendants for the extension of time.  However, the minor error in the caption on the motion for extension of time did not cause any prejudice, and there is no evidence showing that the proffered reasons necessitating the extension were false.  The Court therefore concludes that Mr. Jones has not demonstrated good cause for denying the motion for extension of time.  Accordingly, Mr. Jones' motion is denied.

In addition, the Court notes that the motions for injunctive relief, unrelated to any issues being litigated in this case, were filed to ensure that Mr. Jones received appropriate documents for discharge.  Mr. Jones subsequently received these documents.  Thus, any purported issues created by the defendants' motion for extension of time are now moot.

VIII.    Motion to Deny Immunity Defense [ECF No. 85]

In this motion, Mr. Jones asks the Court to reject any immunity defense asserted by the defendants.  He also expresses the intent to add claims to his complaint.  First, Mr. Jones cannot amend his complaint through this motion.  *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *see also Mathie v. Goord*, 287 F. App'x 13, 14 (2d Cir. 2008) (district court cannot consider new claims asserted in opposition to motion to dismiss); *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) (holding that district court did not err in disregarding allegations raised for the first time in response to motion for summary judgment).  If Mr. Jones wishes to add claims to, or otherwise amend, his complaint, he should file a motion for leave to amend accompanied by a proposed amended complaint.

In addition, the Court will not evaluate the merits of any defense in this motion.  The defendants are entitled to raise applicable defenses in their answer.  They assert that "the defendant" acted in good faith and is entitled to qualified immunity.  ECF No. 68 at 4.  At the

time they filed the answer, counsel had appeared for fifteen defendants. The Court assumes that the reference to "the defendant" is a typographical error and that counsel intended to assert this defense on behalf of all defendants.

Mr. Jones' motion is, in essence, a reply to the answer, which is not a recognized pleading under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(a). The defendants are required to offer evidence in support of the defense either at trial or on a motion for summary judgment. At that time, the plaintiff may submit any contrary evidence to show that the defense is not warranted. The plaintiff's motion is denied as premature.

IX.     Conclusion

Mr. Jones' motions relating to defendants' motion to set aside default [**ECF Nos. 75, 79, 80**] are **DENIED** as moot and his motion to deny the immunity defense [**ECF No. 85**] is **DENIED** as premature.

Mr. Jones' motion for joint doctrine [**ECF No. 65**], motions for sanctions [**ECF Nos. 69, 81**], motions relating to perjury claims [**ECF Nos. 73, 77**], motions for appointment of counsel [**ECF Nos. 76, 78**], motion for proof of probable cause [**ECF No. 82**] and motion for reconsideration [**ECF No. 83**] are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of May, 2016.

     /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge