UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DASHANTE SCOTT JONES,<br>        Plaintiff, | :<br>:<br>: |
| v. | :          CASE NO. 3:15-cv-613 (VAB) |
| LIEUTENANT WALDRON, et al.,<br>        Defendants. | :<br>:<br>: |

RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 100]

Plaintiff, Dashante Scott Jones, incarcerated and proceeding *pro se*, has filed a motion for summary judgment. ECF No. 100. Defendants object to the motion on the ground that Mr. Jones has not complied with the requirements of local court rules. ECF No. 102.

Local Rule 56(a)(1) requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)(1) Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)(3) a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Local R. Civ. P. 56(a). Rule 56(a)(3) requires that each statement in the Rule 56(a)(1) Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)(1) Statement. Local R. Civ. P. 56(a).

This specific citation requirement applies to all litigants, including *pro se* litigants, and a movant's failure to comply with the requirements of Local Rule 56 warrants denial of a motion

for summary judgment  *See Jarecke v. Murphy*, No. 10-CV-552 (JCH), 2010 WL 4876220, at *3 (D. Conn. Nov. 17, 2010) (denying pro se plaintiff's motion for summary judgment without prejudice because Local Rule 56(a)1 statement did not contain citations as required by Local Rule 56(a)3); *Ryder v. Washington Mut. Bank, F.A.*, 501 F. Supp. 2d 311, 314 (D. Conn. 2007) ("[Pro se plaintiff's] failure to comply with the Local Rules could, by itself, result in the court granting summary judgment in favor of the [Defendant].").

Mr. Jones has not complied with this requirement.  His motion for summary judgment consists of only one page in which he states that he will reduce his settlement offer from $1,000,000.00 to $250,000.00.  He makes no argument regarding the issues or evidence in this case demonstrating that summary judgment is warranted.

Mr. Jones' motion for summary judgment, **ECF No. 100**, is therefore **DENIED**.

**SO ORDERED.**

Dated this 21st day of November 2016, at Bridgeport, Connecticut.

                                                  /s/ Victor A. Bolden
                                                  Victor A. Bolden
                                                  United States District Judge