UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DASHANTE SCOTT JONES,                  : | |
|     Plaintiff,                  : | |
|                           : | |
| v.                  : | CASE NO. 3:15-cv-613 (VAB) |
|                           : | |
| LIEUTENANT WALDRON, et al.,                  : | |
|     Defendants.                  : | |

RULING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Dashante Scott Jones, incarcerated and proceeding *pro se*, has filed a motion for temporary restraining order. ECF No. 101. Defendants object to the motion on the ground that Mr. Jones cannot seek preliminary injunctive relief against persons who are not parties to this action. ECF No. 103.

Federal Rule of Civil Procedure 65(d) provides, in pertinent part, that "[e]very order granting an injunction . . . binds only . . . the parties [to the action] . . . [or] other persons who are in active concert or participation with" the parties. Fed. R. Civ. P. 65(d). This case concerns an alleged use of excessive force in May 2014 at Corrigan-Radgwoski Correctional Center. During the pendency of this action, Mr. Jones was released from custody. He has now been detained at Hartford Correctional Center and seeks to direct his proposed order at unidentified correctional staff at Hartford Correctional Center. Although he implies that the staff members were aware of his history within the Department of Correction, Mr. Jones has not shown that any of the staff at Hartford Correctional Center are parties to this action, or are in active concert or participation with any Defendant. Thus, the Court has no jurisdiction to enter the injunctive order that Mr.

Jones requests.  *See Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 305–06 (2d Cir. 1999) (concluding that district court lacked authority to enter injunction against non-parties of the litigation).

In addition, any injury sought to be addressed in a motion for preliminary injunctive relief must relate to the conduct giving rise to the complaint.  *See Johnson v. Vijay-Kumar-Mandalay Wala*, No. 14-CV-1151 (LEK) (DJS), 2016 WL 426547, at *2 (N.D.N.Y. Feb. 3, 2016) ("The allegations in the Complaint are completely unrelated to the allegations that form the basis for the [preliminary injunction] Motion. Thus, Plaintiff cannot establish a likelihood of success on the merits of his underlying claim."); *Watson v. Moscicki*, No. 08-CV-960A (RJA) (JJM) , 2009 WL 2252503, at *2 (W.D.N.Y. July 28, 2009) ("To prevail on a preliminary injunctive motion, there must be "proof of a likelihood of succeeding on the merits of a claim . . . As a prerequisite to establishing a likelihood of succeeding on the merits of a claim, 'the relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint.'").  Mr. Jones' treatment in September 2016 is unrelated to claims based on the alleged use of excessive force against him two years earlier.  Thus, injunctive relief is not warranted.

For the foregoing reasons, Mr. Jones' motion for a temporary restraining order, **ECF No. 101**, is **DENIED**.

**SO ORDERED.**

Dated this 21st day of November 2016, at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

2