UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DASHANTE SCOTT JONES,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CASE NO. 3:15-cv-613 (VAB) |
| LIEUTENANT WALDRON, et al.,<br>    Defendants. | :<br>:<br>: |

RULING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 122]

Dashante Scott Jones ("Plaintiff"), incarcerated and proceeding *pro se*, has filed a motion for a temporary restraining order. Mr. Jones asks the Court to order Defendants not to retaliate against him in the future and prevent Defendants from placing him in segregation. Additionally, he seeks an order that, should he be sent to segregation, he must be transferred to a different facility within twenty-four hours of the placement. In support of his motion, Mr. Jones contends that Defendant Snyder may have been transferred to Cheshire Correctional Institution. Mr. Jones further alleges that his counselor informed him that she did not have the address for the Officer of the Public Defender and refused to use her computer to look up the information. For the reasons outlined below, Mr. Jones's motion for a temporary restraining order is **DENIED**.

In the Second Circuit, a single standard is used to evaluate a request for preliminary injunction and an application for temporary restraining order. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). For either type of relief, Plaintiff must demonstrate that he will suffer irreparable harm if the relief is not granted and meet "one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits

of its claim to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.") *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citations and internal quotation marks omitted). When the moving party seeks mandatory relief that "alters the status quo by commanding some positive act," however, the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citation and internal quotation marks omitted). The court should not grant mandatory injunctive relief unless the movant shows "a clear or substantial likelihood of success on the merits[,] … a strong showing of irreparable harm … [and] that the preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (citations and internal quotation marks omitted).

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *McMillian v. Konecny*, No. 9:15-CV-0241 (lead case), 2017 WL 3891692, at *1 (N.D.N.Y. Sept. 6, 2017) (citations and internal quotation marks omitted). In addition, the requested injunctive relief must relate to the claims in the complaint. *See DeBeers Consol. Mines, Ltd., v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit"); *see also Oliphant v. Quiros*, 2011 EL 2180780, at *1 (D. Conn. May 19, 2010) (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

This case concerns an alleged use of excessive force in May 2014 at Corrigan-Radgwoski Correctional Center. Mr. Jones has not demonstrated that his current confinement status at

2

Cheshire Correctional Institution is related to the use of excessive force against him three years ago. Additionally, Mr. Jones's claims that Defendants, in an effort to retaliate against him, may place him in segregation and require him to remain there for an extended period of time are too speculative to warrant relief. Even if Mr. Jones were so confined, he has made no showing that any harm suffered could not be compensated by damages sought in a new lawsuit. The Court concludes that preliminary injunctive relief is not warranted.

Mr. Jones's motion for a temporary restraining order [**ECF No. 122**] is **DENIED**.

**SO ORDERED.** Dated this 8th day of September 2017, at Bridgeport, Connecticut.

                                      /s/ Victor A. Bolden
                                      Victor A. Bolden
                                      United States District Judge