UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DASHANTE SCOTT JONES,
    *Plaintiff*,

v.

WALDRON *et al.*,
    *Defendants*.

No. 3:15-cv-00613 (VAB)

**RULING AND ORDER ON PENDING MOTIONS**

Dashante Scott Jones ("Plaintiff"), currently incarcerated at Garner Correction Institution in Newtown, Connecticut, has sued several correction officers and officials (collectively "Defendants") alleging use of excessive force, failure to protect Mr. Jones from harm, deliberate indifference to his safety, supervisory liability, and conspiracy, while Mr. Jones was incarcerated at Corrigan-Radgowski Correctional Center.

Mr. Jones has moved to amend the First Amended Complaint, ECF No. 148, and seeks a temporary restraining order, ECF Nos. 149, 153, 160; a trial date, ECF No. 150; modification of liens, ECF No. 151; and a federal investigation, ECF No. 152. Mr. Jones has also moved to compel discovery, ECF No. 160, and for the appointment of *pro bono* counsel, ECF No. 175.

For the reasons that follow, the motions to amend the First Amended Complaint, for a temporary restraining order, a trial date, modification of liens, a federal investigation, and to compel discovery are all **DENIED**. Mr. Jones's motion for the appointment counsel is **DENIED** as moot.

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Jones alleges that, while incarcerated at Corrigan-Radgowski Correctional Center, Defendant John Doe sexually assaulted him on May 22, 2014, and Defendants Snyder and Colby used excessive force against him. He further alleges that defendants Murphy, Quigley, Sweet, Jusseame, Glover, Witkowski, Burnham, and Waldron also were involved, but cannot identify specific actions taken by them because his vision was obscured by the use of pepper spray. None of the defendants allegedly interceded on his behalf.

Mr. Jones also asserts claims for supervisory liability against defendants Waldron, Williams and Erfe and conspiracy claims against all of these defendants. Immediately following the incident, defendants Waldron, Barnes and Bogue allegedly failed to ensure that his eyes were properly flushed and defendants Barrett, Barnes and Bogue allegedly failed to follow proper procedures for incidents of sexual assault. Mr. Jones also asserts claims for supervisory liability against defendants Waldron, Williams and Erfe for failure to train their subordinates, ensure they followed proper procedures and take corrective action, despite having seen the video recordings of the incident.

In 2015, Mr. Jones, proceeding *pro se*, commenced this civil action and, in June 2015, amended the Complaint. ECF Nos. 1, 11. On its initial review, the Court dismissed the Amended Complaint in part and allowed Mr. Jones's excessive force, failure to protect, deliberate indifference to safety, supervisory liability and conspiracy claims to proceed.

Mr. Jones has moved to amend the First Amended Complaint, ECF No. 148, and seeks a temporary restraining order, ECF Nos. 149, 153, 160; a trial date, ECF No. 150; modification of liens, ECF No. 151; and a federal investigation, ECF No. 152. Mr. Jones has also moved to compel discovery. ECF No. 160.

On June 14, 2018, the Court appointed *pro bono* counsel to represent Mr. Jones in the prosecution of his claims.[1] ECF No. 174.

The Court now addresses Mr. Jones's pending motions.

## II. STANDARD OF REVIEW

### A. Amendment of Pleadings

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading as of right within twenty-one days after serving it or "if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss, a motion for a more definite statement, or a motion to strike, whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The district court has broad discretion to decide a motion to amend. *Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

### B. Motion for Injunctive Relief

Injunctive relief, in the form of a preliminary injunction or temporary restraining order, is available only to redress injuries that are related to the conduct giving rise to the complaint. *See DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (noting that a preliminary injunction is appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit"); *Trowell v. Upstate Corr. Facility*, No. 9:16-CV-0639 (MAD/TWD), 2016 WL 7156559, at *7 (N.D.N.Y. Dec. 7, 2016) ("To prevail on a motion

---

[1] Given that Mr. Jones now is being represented by counsel, the motion is denied as moot.

for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (citation and internal quotation marks omitted)).

### C. Motion to Modify Liens

"Under Connecticut General Statutes § 18-85a, the State of Connecticut is authorized to assess an inmate for the costs of [the inmate's] incarceration." *Paschal v. Santili*, No. 3:16-CV-1690 (JCH), 2017 WL 2908867, at *1 (D. Conn. July 6, 2017) (citing Regs. Conn. State Agencies § 18-852-3). Under Section 18-85b and Regulations of Connecticut State Agencies § 18-85a-2, the State of Connecticut may place a lien on any recovery awarded to an inmate in connection with a civil lawsuit. Specifically, Section 18-85b provides:

> In the case of causes of action of any person obligated to pay the costs of such person's incarceration under section 18-85a and regulations adopted in accordance with said section . . . the claim of the state shall be a lien against the proceeds therefrom in the amount of the costs of incarceration or fifty per cent of the proceeds received by such person after payment of all expenses connected with the cause of action, whichever is less. . . .

Conn. Gen. Stat. § 18-85b(a).

### D. Motion to Compel Discovery

Under Fed. R. Civ. P. 26(b)(1), the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court has broad discretion in deciding a motion to compel discovery. *Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999) ("We will not disturb a district court's ruling on a motion to compel discovery unless there is a clear showing of abuse of discretion." (internal quotation marks omitted)). Furthermore, the

"party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

"[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative. . . ." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery...." Fed. R. Civ. P. 26(c)(1). "[R]edundant depositions should be avoided, and senior executives should be deposed only if they possess unique personal knowledge related to the relevant issues in the case." *Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, No. 07 Civ. 9580 (HB), 2008 WL 5099957, at *1 (S.D.N.Y. Dec. 3, 2008) (citing *Consol. Rail Corp. v. Primary Indus. Corp.*, Nos. 92 Civ. 4927 (PNL), 92 Civ. 6313 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sep. 10, 1993)).

## III. DISCUSSION

### A. Amendment of Pleadings

Mr. Jones has moved to amend the Amended Complaint to add claims, apparently relating to incidents occurring at Cheshire Correctional Institution in January 2018.

Mr. Jones filed his motion to amend more than twenty-one days after Defendants answered the Amended Complaint; he therefore may not amend as of right. *See* Fed. R. Civ. P. 15(a)(1). The Court thus considers whether to grant Mr. Jones's motion to amend with the Court's leave under Rule 15(a)(2). The Court denies the motion.

5

Mr. Jones has not submitted a proposed Amended Complaint clearly describing all claims he wishes to pursue in this case. Absent Mr. Jones submitting a proposed Second Amended Complaint, the Court is not in a position to assess whether "justice so requires" amendment of the First Amended Complaint. Fed. R. Civ. P. 15(a)(2). The Court accordingly denies the motion to amend without prejudice to renewal should Mr. Jones's newly appointed counsel find amendment appropriate.

### B. Motion for Injunctive Relief

Mr. Jones seeks to prevent future acts of retaliation. Specifically, Mr. Jones states that Defendants have not been delivering notices of electronic filing to him and suppressing evidence related to these grievances and otherwise interfering with his attempt to exhaust administrative remedies, and Defendants do not permit Mr. Jones to go outside to participate in Native American smudging or wear a Native America feather. ECF Nos. 149, 153, 160. He also asks the Court to order that he receive proper medical treatment. ECF No. 153.

Requests for preliminary injunctive relief, however, must relate to the issues in the Complaint. *See DeBeers Consol. Mines Ltd.*, 325 U.S. at 220 (a preliminary injunction is inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit."); *see also Trowell,* 2016 WL 7156559, at *7 (requiring "relationship between the injury claimed in the motion and the conduct giving rise to the complaint.") (citation and internal quotation marks omitted). Mr. Jones' current medical treatment, interest in engaging in religious activities, and efforts to exhaust administrative remedies are unrelated to the 2014 alleged sexual assault and use of excessive force that are the subject of this action. Thus, the motions are denied. If Mr. Jones wishes to pursue these claims, he must do so in a new action.

## C. Motion to Modify Liens

In this motion, Mr. Jones disputes the accuracy of liens the Department of Correction has assessed for costs of incarceration and that other agencies have assessed for food stamps and cash assistance paid to the mother of his child. He asks the Court to modify or discharge the liens. Such liens are imposed under state law. The motion is denied.

This Court does not have the authority to grant an exception to a state statute. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."); *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) ("[T]he purpose of [section 34] was merely to make certain that, in all matters *except those in which some federal law is controlling*, the federal courts exercising jurisdiction in diversity of citizenship cases would apply as their rules of decision the law of the state . . . ." (quoting *Erie*, 304 U.S. at 72–73)); *Paschal*, 2017 WL 2908867, at *2 (D. Conn. July 6, 2017) (denying motion to amend complaint to add new request for relief, namely waiver of costs of incarceration that might be deducted from any award, because federal court lacks authority to create the exception); *cf. United States v. Beardsley*, 691 F.3d 252, 267 n.3 (2d Cir. 2012) ("[A] federal sentencing court may not create a series of federal subcategorizations to fit the facts of a particular case. . . . If the state statute does not contain such a distinction, the federal court may not create one. . . ." (quoting *United States v. Giggey*, 551 F.3d 27, 40 (1st Cir. 2008))).

Moreover, under Section 18-85b, the costs of incarceration are assessed only after the inmate recovers an award in a civil lawsuit. *See* § 18-85b (providing that "the claim of the state shall be a lien against the proceeds" in a cause of action brought by a person obligated to pay the costs of that person's incarceration). Because Mr. Jones has not prevailed in this action, there is

no recovery against which a lien may be assessed. Mr. Jones's claim therefore is not ripe. *See Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) ("[T]o say a plaintiff's claim is constitutionally unripe is to say the plaintiff's claimed injury, if any, is not 'actual or imminent,' but instead 'conjectural or hypothetical.' (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Mr. Jones' motion therefore is denied.

### D.     Motion to Compel Discovery

Mr. Jones moved for the Court to compel Defendants to disclose discovery documents. Mr. Jones's motion, however, is procedurally improper.

Rule 37 of the Federal Rules of Civil Procedure allow for a party to move for an order to compel disclosure of discovery upon "notice to other parties and all affected persons . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *accord* D. Conn. L. Civ. R. 37(a) (providing that a motion under Fed. R. Civ. P. 37 "shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution"); *see also* Bolden, J., Chambers' Pre-Trial Practices ("Motions to resolve discovery disputes cannot be filed unless first discussed with Judge Bolden."). Local Rule 37(b)(1) also requires the parties to submit memorandum of law that "contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."

8

Mr. Jones has not certified that he conferred with Defendants in good faith to obtain discovery. He also has not identified the discovery sought and why the Court should compel its disclosure. The Court therefore denies the motion. *See, e.g.*, *Brown v. UCONN Med. Grp.*, No. 3:12-cv-1305 (JBA), 2014 WL 2804345, at *2 (D. Conn. June 20, 2014) (denying a motion to compel discovery because the plaintiff failed to attach the discovery requests and file affidavits or memoranda or document efforts to resolve the discovery dispute, consistent with Fed. R. Civ. P. 37(a) and D. Conn. L. Civ. R. 37(a), 37(b)(1)); *Hunnicutt v. Kitt*, No. 3:10-cv-857 (CSH), 2011 WL 3047648, at *1 (D. Conn. July 25, 2011) (denying a motion to compel disclosure of discovery for failure to comply with local court rules).

### E. Trial Date

Mr. Jones states Defendants have causes substantial delay and asks the Court to schedule this case for trial. Contrary to his representation, the most recent extension of the deadlines in this case was requested by Mr. Jones. ECF No. 140. The current deadline for conclusion of discovery is August 31, 2018, with any motions for summary judgment to be filed on or before October 1, 2018. ECF No. 141.

Any dispositive motion must be decided before a trial can be scheduled. Thus, Mr. Jones's motion is denied.

On June 4, 2018, the Court duly noticed a telephonic status conference for July 6, 2018, at 11:00 a.m., during which the Court will discuss with the parties a pre-trial schedule to bring this case to final resolution. ECF No. 168.

### F. Motion for a Federal Investigation

Mr. Jones seeks a court-ordered investigation by officials of the Executive Branch into the January 2018 alleged strangulation attempt, the same incident he sought to add to this case in

9

an amended complaint. ECF No. 152 at 5 ("I strongly would like to request a Federal Investigation for said amended complaint of retaliation because I would hate to see state officials protected by police state officials get away with attempting to murder me as a form of retaliations for this case herein and others because of the conflicts of interest of favoritisms being that prison officials work for the state as well and they are helping each other.") and 6 ("I would like to respectfully request of the courts to have me seen by someone from a federal agency to investigate these retaliations so I can press criminal charges."). He also seeks an investigation into issues that are the subject of his motion for temporary restraining order and motion for order.

This Court, however, adjudicates legal disputes and does not initiate criminal investigations or direct prosecutions. The authority to prosecute crimes or investigate possible criminal charges rests solely with those with prosecutors. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 380–81 (2d Cir. 1973) (noting that the decision to prosecute or investigate rests with the U.S. Attorney and substitution of court's decision for the U.S. Attorney's would be unwise); *see also May v. Kennard Indep. Sch. Dist.*, No. 9:96-CV-256, 1996 WL 768039, at *4 (E.D. Tex. Nov. 22, 1996) ("Federal courts over the years have developed an extremely strong presumption against judicial intrusion into executive functions . . . . Among the most obvious reasons for this judicial presumption is that separation of powers principles act as a restraint on the power of federal courts to order the commencement of federal investigations.") (citing cases). Thus, this Court does not have the authority to order Mr. Jones's investigation. *See, e.g.*, *Triplett v. Palmer*, No. 12-CV-4063-DEO, 2012 WL 6727617, at *5 (N.D. Iowa Dec. 28, 2012) (holding that a request that court order a federal investigation is "beyond the power and jurisdiction of this Court, sitting

in a 42 U.S.C. § 1983 action"); *Lloyd v. Jordan*, No. 5:08-CT-3119-D, 2008 WL 6893363, at *3 (E.D.N.C. Oct. 30, 2008) (dismissing as frivolous plaintiff's request that court order a federal investigation of the defendants). Mr. Jones' motion seeking a federal investigation therefore is denied.

**IV.   CONCLUSION**

For the reasons discussed above, the motion to amend, ECF No. 148, and motions for a temporary restraining order, ECF Nos. 149, 153, 160; a trial date, ECF No. 150; modification of liens, ECF No. 151; a federal investigation, ECF No. 152; and to compel discovery, ECF No. 160, are all **DENIED**. The motion for the appointment counsel, ECF no. 175, is **DENIED** as moot.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of June, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE